

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00789-CR

**IN RE** Danny C. **ALLEN**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: December 23, 2024

PETITION FOR WRIT OF MANDAMUS DENIED

On November 21, 2024, relator, Danny C. Allen, filed a petition for writ of mandamus and a document titled "Challenge for Cause Burden of Proof Insufficient of Evidence Misconduct," which contained a section titled "Challenge Unfair & Prejudicial Ineffective of Counsel Trial Proceedings Misconduct." On November 22, 2024, Allen also filed a document titled "Challenge Burden of Proof the Fifth Amendment Double Jeopardy Clause 357 Magnum." These filings relate to trial court cause number 2019CR6311. We previously affirmed a judgment of conviction entered against Allen in that cause number. *See Allen v. State*, No. 04-23-00133-CR, 2024 WL 3056657, at *1 (Tex. App.—San Antonio June 20, 2024, pet. ref'd) (mem. op., not designated for

---

[1]This proceeding arises out of Cause No. 2019CR6311, styled *State of Texas v. Danny Cejay Allen*, in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

publication). The Texas Court of Criminal Appeals refused Allen's petition for discretionary review from that direct appeal, and we issued our mandate on September 25, 2024.

After considering Allen's petition for writ of mandamus, we conclude Allen is not entitled to the relief sought. Accordingly, his petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

With regard to the Challenges Allen filed, we interpret these filings to request habeas relief. As an intermediate appellate court, we do not have original habeas corpus jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (specifying original jurisdiction of intermediate courts of appeals or justices of such courts to issue writs of habeas corpus in civil cases); TEX. CODE CRIM. PROC. ANN. art. 11.05 (limiting original jurisdiction to issue writs of habeas corpus in criminal cases to Texas Court of Criminal Appeals, district courts, county courts, or judges of such courts); *see also In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding); *Ex parte Braswell*, 630 S.W.3d 600, 601–02 (Tex. App.—Waco 2021, orig. proceeding). We therefore take no action on the Challenges Allen filed.

PER CURIAM

DO NOT PUBLISH